IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIMINAL NUMBER: 19-30117-SMY |
| | ) |
| GARY HUNSCHE, | ) Title 26, |
| | ) United States Code, |
| Defendant. | ) Section 7202, 7203 |

**SUPERSEDING INDICTMENT**

**THE GRAND JURY CHARGES:**

**INTRODUCTION**

1. At all relevant times, **GARY HUNSCHE** owned and operated a business, Unique Personnel Consultants, Inc. with the corporate office located at 217 West Clay Street, Troy, Illinois within the southern federal judicial district of Illinois. Coextensively he also owned and operated Unique Risk Management, Inc. Unique Personnel Consultants and Unique Risk Management employed between 3000 and 5000 employees with the majority of employees leased to clients as temporary employees. The leased employees remained the employees of Unique Personnel Consultants or Unique Risk Management and were paid by Unique Personnel Consultants or Unique Risk Management for their services.

2. As an employer, Unique Personnel Consultants Inc. and Unique Risk Management withheld federal income tax from employee's paychecks as well as the employee portion of FICA [Social Security and Medicare] taxes. These taxes are called trust fund taxes because the money withheld from an employee's paycheck is not the employer's money but must be held in trust until paid to the U.S. Treasury. At all times **GARY HUNSCHE** directed how much of the employment taxes including the trust fund taxes be paid. **GARY HUNSCHE**

1

determined the financial policies for the business, had knowledge that the withheld taxes were not being paid and was the only one authorized to determine the amount of federal tax deposits. From 2011 through 2016 over $11 million in trust fund taxes was withheld from employees' pay and not paid into the United States treasury as required.

3. In addition to the trust fund taxes an employer is also required to pay the employer's portion of Social Security and Medicare taxes apart from the obligation to pay federal income tax on earnings. From 2014 through 2016 over $4 million in the employer's portion of FICA was not paid into the United States treasury as required.

4. The Internal Revenue Service requires that that federal tax withholdings and the employee portion of FICA be reported and paid quarterly. At all times it was unlawful and a criminal offense to willfully fail to pay over the trust fund taxes.

5. **GARY HUNSCHE** entered into an installment agreement with the Internal Revenue Service initially around June of 2011 where he agreed to pay $7,500 per month and remain current with the payment of quarterly employment tax payments. **GARY HUNSCHE** defaulted on this agreement by failing to pay the quarterly employment tax payments that became due. **GARY HUNSCHE** obtained a second installment agreement with the Internal Revenue Service in November of 2015 wherein he agreed to pay $50,000 per month and remain current with the payment of quarterly employment tax payments that became due. **GARY HUNSCHE** defaulted on this agreement by failing to pay the quarterly employment tax payments that became due and instead chose to utilize trust fund taxes withheld from employee's paychecks to pay contractors millions of dollars for the renovation of his personal residence.

6. **GARY HUNSCHE** is a certified public accountant and was aware of his obligation to pay taxes, including the trust fund taxes withheld from employee's paychecks to the

2

United States Treasury. At all times, **GARY HUNSCHE** had the corporate responsibility to collect, truthfully account for, and pay over the trust fund taxes withheld from employees' paychecks for Unique Personnel Consultants and Unique Risk Management.

7. **GARY HUNSCHE** took over $4,000,000 out of Unique Personnel Consultants and Unique Risk Management for personal use while not paying quarterly employment trust fund taxes.

## COUNT 1

### WILLFUL FAILURE TO PAY OVER COLLECTED EMPLOYMENT TAXES: 3RD QUARTER 2014

1. Paragraphs 1 through 7 of the Introduction are re-alleged and incorporated by reference.

2. On or about December 16, 2014, in Madison County, within the Southern District of Illinois,

**GARY HUNSCHE,**

the defendant, was required to truthfully account for and pay over the trust fund taxes withheld from employees' paychecks. **GARY HUNSCHE** accounted for but did willfully fail to truthfully pay over to the Internal Revenue Service all of the federal income taxes withheld and Federal Insurance Contributions Act ("FICA") taxes due and owing to the United States on behalf of Unique Personnel Consultants and its employees for the quarter ending September 30, 2014. For the quarter ending September 30, 2014 Unique Personnel Consultants reported $1,836,971 in employment taxes and paid $387,000 in federal tax deposits. Unique Personnel Consultants reported on its Form 941 a balance due of $1,449,971. This form was sent to **GARY HUNSCHE** for his review. It was **GARY HUNSCHE**'s decision to not pay the employment taxes.

All in violation of Title 26, United States Code, Section 7202.

3

## COUNT 2

<u>**WILLFUL FAILURE TO PAY OVER COLLECTED EMPLOYMENT TAXES: 4TH QUARTER 2014**</u>

1. Paragraphs 1 through 7 of the Introduction are re-alleged and incorporated by reference.

2. On or about April 13, 2015, in Madison County, within the Southern District of Illinois,

**GARY HUNSCHE,**

the defendant, was required to truthfully account for and pay over the trust fund taxes withheld from employees' paychecks. **GARY HUNSCHE** accounted for but did willfully fail to truthfully pay over to the Internal Revenue Service all of the federal income taxes withheld and Federal Insurance Contributions Act ("FICA") taxes due and owing to the United States on behalf of Unique Personnel Consultants and its employees for the quarter ending December 31, 2014. For the quarter ending December 31, 2014 Unique Personnel Consultants reported $2,020,590 in employment taxes. Unique Personnel Consultants did not make any tax payments for this quarter. It reported on its Form 941 a balance due of $2,020,590. It was **GARY HUNSCHE's** decision to not pay the employment taxes. On or about October 22, 2014, **GARY HUNSCHE** caused the wire transfer of $375,000 from the funds of Unique Personnel Consultants for personal use for the purchase of real estate. During the fourth quarter of 2014, **GARY HUNSCHE** caused the payment of funds from Unique Personnel Consultants for his personal use to a landscape company for the excavation of land, digging a pond, building retaining walls, installing fencing and planting hundreds of trees on the residence of **GARY HUNSCHE** instead of paying to the United States Treasury the trust fund taxes withheld from employee's paychecks.

All in violation of Title 26, United States Code, Section 7202.

4

## COUNT 3

### WILLFUL FAILURE TO PAY OVER COLLECTED EMPLOYMENT TAXES: 1ST QUARTER 2015

1. Paragraphs 1 through 7 of the Introduction are re-alleged and incorporated by reference.

2. On or about April 28, 2015, in Madison County, within the Southern District of Illinois,

**GARY HUNSCHE,**

the defendant, was required to truthfully account for and pay over the trust fund taxes withheld from employees' paychecks. **GARY HUNSCHE** accounted for but did willfully fail to truthfully pay over to the Internal Revenue Service all of the federal income taxes withheld and Federal Insurance Contributions Act ("FICA") taxes due and owing to the United States on behalf of Unique Personnel Consultants and its employees for the first quarter of 2015 ending March 31, 2015. For the quarter ending March 31, 2015 Unique Personnel Consultants reported $1,667,932 in employment taxes. Unique Personnel Consultants did not make any tax payments for this quarter. It reported on its Form 941 a balance due of $1,667,932. It was **GARY HUNSCHE's** decision to not pay the employment taxes. During the first quarter of 2015, **GARY HUNSCHE** caused the payment of funds from Unique Personnel Consultants for his personal use to a landscape company for the excavation of land, digging a pond, building retaining walls, installing fencing and planting hundreds of trees on the residence of **GARY HUNSCHE** instead of paying to the United States Treasury the trust fund taxes withheld from employee's paychecks. **GARY HUNSCHE** also caused the payment of funds from Unique Personnel Consultants for his personal use to a construction company for work done on the personal residence of **GARY HUNSCHE** that included a barn with a full-size basketball court and to start construction on a personal home instead of paying to the United States Treasury the trust fund taxes withheld from employee's paychecks.

All in violation of Title 26, United States Code, Section 7202.

## COUNT 4

**WILLFUL FAILURE TO PAY OVER COLLECTED EMPLOYMENT TAXES: 4TH QUARTER 2015**

1. Paragraphs 1 through 7 of the Introduction are re-alleged and incorporated by reference.

2. On or about January 8, 2016, in Madison County, within the Southern District of Illinois,

**GARY HUNSCHE,**

the defendant, was required to truthfully account for and pay over the trust fund taxes withheld from employees' paychecks. **GARY HUNSCHE** accounted for but did willfully fail to truthfully pay over to the Internal Revenue Service all of the federal income taxes withheld and Federal Insurance Contributions Act ("FICA") taxes due and owing to the United States on behalf of Unique Personnel Consultants and its employees for the fourth quarter of 2015 ending December 31, 2015. For the quarter ending December 31, 2015 Unique Personnel Consultants reported $2,615,901 in employment taxes. Unique Personnel Consultants did not make any tax payments for this quarter. It reported on its Form 941 a balance due of $2,615,901. It was **GARY HUNSCHE's** decision to not pay the employment taxes. During the fourth quarter of 2015, **GARY HUNSCHE** caused the payment of approximately $515,000 in funds from Unique Personnel Consultants for his personal use. Payments were to a landscape company for the excavation of land, digging a pond, building retaining walls, installing fencing and planting hundreds of trees on the residence of **GARY HUNSCHE** instead of paying to the United States Treasury the trust fund taxes withheld from employee's paychecks. **GARY HUNSCHE** also caused the payment of funds from Unique Personnel Consultants for his personal use to a construction company for work done on the personal residence of **GARY HUNSCHE** that

6

included a barn with a full-size basketball court and to start construction on a personal home instead of paying to the United States Treasury the trust fund taxes withheld from employee's paychecks.

All in violation of Title 26, United States Code, Section 7202.

## COUNT 5

### WILLFUL FAILURE TO PAY OVER COLLECTED EMPLOYMENT TAXES: 1ST QUARTER 2016

1. Paragraphs 1 through 7 of the Introduction are re-alleged and incorporated by reference.

2. On or about April 25, 2016, in Madison County, within the Southern District of Illinois,

**GARY HUNSCHE,**

the defendant, was required to truthfully account for and pay over the trust fund taxes withheld from employees' paychecks. **GARY HUNSCHE** accounted for but did willfully fail to truthfully pay over to the Internal Revenue Service all of the federal income taxes withheld and Federal Insurance Contributions Act ("FICA") taxes due and owing to the United States on behalf of Unique Personnel Consultants and its employees for the first quarter of 2016 ending March 31, 2016. For the quarter ending March 31, 2016 Unique Personnel Consultants reported $2,368,715 in employment taxes. Unique Personnel Consultants did not make any tax payments for this quarter. It reported on its Form 941 a balance due of $2,368,715. It was **GARY HUNSCHE's** decision to not pay the employment taxes. During the first quarter of 2016, **GARY HUNSCHE** caused the payment of $405,000 from Unique Personnel Consultants and Unique Risk Management to a construction company for a pond, building retaining walls, installing fencing on the residence of **GARY HUNSCHE** instead of paying to the United States Treasury the trust fund taxes withheld from employee's paychecks.

All in violation of Title 26, United States Code, Section 7202.

## COUNT 6

**WILLFUL FAILURE TO PAY OVER COLLECTED EMPLOYMENT TAXES: 2ND QUARTER 2016**

1. Paragraphs 1 through 7 of the Introduction are re-alleged and incorporated by reference.

2. On or about July 12, 2016, in Madison County, within the Southern District of Illinois,

**GARY HUNSCHE,**

the defendant, was required to truthfully account for and pay over the trust fund taxes withheld from employees' paychecks. **GARY HUNSCHE** accounted for but did willfully fail to truthfully pay over to the Internal Revenue Service all of the federal income taxes withheld and Federal Insurance Contributions Act ("FICA") taxes due and owing to the United States on behalf of Unique Personnel Consultants and its employees for the second quarter of 2016 ending June 30, 2016. For the quarter ending June 30, 2016 Unique Personnel Consultants reported $2,562,572 in employment taxes and paid $163,945. It reported on its Form 941 a balance due of $2,398,627. It was **GARY HUNSCHE's** decision to not pay the employment taxes. During the second quarter of 2016, **GARY HUNSCHE** caused the payment of $34,652 in funds from Unique Risk Management for his personal use to a billiard sales company and the payment of $340,000 from Unique Personnel Consultants and Unique Risk Management to a construction company for a pond, building retaining walls, installing fencing and $100,000 to a nursery company for the planting hundreds of trees on the residence of **GARY HUNSCHE** instead of paying to the United States Treasury the trust fund taxes withheld from employee's paychecks.

All in violation of Title 26, United States Code, Section 7202.

## COUNT 7

### WILLFUL FAILURE TO PAY INDIVIDUAL FEDERAL INCOME TAX: 2015

1. Paragraphs 1 through 7 of the Introduction are re-alleged and incorporated by reference.

2. During the calendar year 2015,

**GARY HUNSCHE,**

the defendant, who was a resident in Madison County, within the Southern District of Illinois, had and received taxable income of $3,333,496, on which taxable income there was owing to the United States of America in income tax of $810,109. He was required by law to pay, on or before April 15, 2016, that income tax to the Internal Revenue Service. Well knowing all of the foregoing, he did willfully fail on April 15, 2016, in the Southern District of Illinois and elsewhere to pay the income tax due. **GARY HUNSCHE** reported adjusted gross income of $3,333,496 with an individual income tax due and owing of $810,109. For 2015 he only had federal income tax of $220 withheld from his W-2. In 2015, **GARY HUNSCHE** paid approximately $1,734,000 in personal expenditures to companies doing work on his personal residence.

All in violation of Title 26, United States Code, Section 7203.

## COUNT 8

### WILLFUL FAILURE TO PAY INDIVIDUAL FEDERAL INCOME TAX: 2016

1. Paragraphs 1 through 7 of the Introduction are re-alleged and incorporated by reference.

2. During the calendar year 2016,

**GARY HUNSCHE,**

9

the defendant, who was a resident in Madison County, within the Southern District of Illinois, had and received taxable income of $1,088,219, on which taxable income there was owing to the United States of America in income tax of $377,433. He was required by law to pay, on or before April 15, 2017, that income tax to the Internal Revenue Service. Well knowing all of the foregoing, he did willfully fail on April 15, 2017, in the Southern District of Illinois and elsewhere to pay the income tax due. **GARY HUNSCHE** reported adjusted gross income of $1,088,219 with an individual income tax due and owing of $377,433. For 2016 he had $3907 federal income tax withheld from his W-2. In 2016, **GARY HUNSCHE** paid approximately $1,454,000 in personal expenditures to companies doing work on his personal residence.

All in violation of Title 26, United States Code, Section 7203.

**A TRUE BILL**

_____
STEVEN D. WEINHOEFT
United States Attorney
Southern District of Illinois

_____
NORMAN R. SMITH
Assistant United States Attorney

Recommended bond: unsecured