## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-CR-30117-SMY |
| | ) |
| GARY HUNSCHE, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Pending before the Court are the Government's Motion to Quash Non-Compliant Subpoenas and Motion to Enforce Rule 17(c) (Doc. 31) and Defendant's Motion for Disclosure of Intention to Rely Upon Rule 404(b) Evidence (Doc. 37), Motion for Disclosure of Expert Testimony (Doc. 38), Motion for Bill of Particulars (Doc. 39), Motion to Dismiss Counts One through Six (Doc. 40), and Second Motion to Dismiss (Doc. 41). The Court conducted a hearing on the Motions on March 25, 2020. In consideration of the written submissions and arguments of counsel and for the reasons more fully stated on the record, the Court finds as follows:

1. **Motion to Quash (Doc. 31).** Defendant issued two subpoenas pursuant to Federal Rule of Criminal Procedure 17(c): the first to Team Company d/b/a StaffQuick in Edwardsville, Illinois seeking documents and the second to Oasis Investments, LLC in St. Jacob, Illinois seeking photographs. Defendant sought production of these documents on January 21, 2020, the original trial date. Rule 17(c) is not a discovery tool and does not expand upon the scope of discovery set forth in Rule 16. *See Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). As such, the Government has standing to challenge the subpoenas and Defendant has the burden of demonstrating that the subpoenas seek relevant, admissible and specific evidence that is neither

oppressive nor burdensome. *See United States v. Ashman*, 979 F.2d 469, 495 (7th Cir. 1992). Defendant has not met his burden and the Motion is accordingly **GRANTED**. If Defendant wishes to issue a subpoena *duces tecum* in the future, he must first seek leave of Court through an *ex parte* motion or *in camera* written submissions if necessary, and make the necessary showing of relevance, admissibility, and specificity.

2. **Motion for Rule 404(b) Disclosures (Doc. 37):** The Government acknowledges its obligation to provide these disclosures. Accordingly, this Motion is **GRANTED**. The Government shall make Rule 404(b) disclosures at least 30 days prior to trial.

3. **Motion for Expert Disclosures (Doc. 38):** The Government acknowledges its obligation to make these disclosures but objects to doing so 60 days prior to trial as requested. Defendant provides no basis for the 60-day disclosure. Accordingly, the Motion is **GRANTED in part**. The Government shall make Rule 16(a)(1)(G) disclosures at least 30 days prior to trial.

4. **Motion for Bill of Particulars (Doc. 39):** Based on the representations of the Government at the Hearing and in their response to this Motion (Doc. 44), the Court finds that the Superseding Indictment provides sufficient notice of the charges to allow Defendant to prepare for trial. *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981). In particular, the Court credits the Government's contention that the method of proof as to the § 7202 violations is based on Defendant's statements and filings and that no complicated method of proof will be utilized that would require a bill of particulars. Accordingly, the Motion is **DENIED**.

5. **First Motion to Dismiss (Doc. 40):** Defendant argues that the Government must allege that he both failed to account for <u>and</u> failed to pay over withholding taxes to the IRS in the indictment. The Government asserts the statute requires only one or the other, not both. Title 26 U.S.C. § 7202 (felonies charged in Counts 1-6 of the Superseding Indictment) states:

> Any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.

The Superseding Indictment states for each Counts 1-6 that "GARY HUNSCHE accounted for but did willfully fail to truthfully pay over to the Internal Revenue Service all of the federal income taxes withheld and Federal Insurance Contributions Act ("FICA") taxes due and owing to the United States on behalf of Unique Personnel Consultants and its employees . . ." Thus, the Government alleges that while Defendant accounted for the taxes, he failed to pay them over to the IRS.

While the Seventh Circuit Court of Appeals has not addressed this issue, each circuit court that has found it requires only one or the other. *See United States v. Gilbert*, 266 F.3d 1180 (9th Cir. 2001) (holding that the purpose of § 7202 is "that a person has an obligation to both withhold and pay over the tax. As such, when an individual fails to perform one of the required duties, he is subject to conviction under § 7202."); *see also United States v. Sertich*, 879 F.3d 558 (5th Cir. 2018) ("we now agree with every other circuit to have considered this issue and hold that §7202 is violated if a defendant willfully fails to *either* truthfully account for taxes *or* pay them over" (emphasis in original)); *United States v. Thayer*, 201 F.3d 214 (2nd Cir. 1999); *United States v. Evangelista*, 122 F.3d 112 (2nd Cir. 1997). The only district court in the Seventh Circuit to pass on the question followed the rulings of these circuit courts. *United States v. Creamer*, 370 F.Supp.2d 715 (N.D. Ill. 2005) (opinion vacated in part on other grounds, 2006 WL 2037326 (N.D. Ill. 2006)).

Defendant contends that a plain reading of the statute mandates a different result especially in light of the Supreme Court's ruling in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). In that

case however, the Supreme Court considered congressional intent when deciding whether § 922(g) and § 924(a)(2) required the government to prove that a defendant must know that he is a prohibited person for felon-in-possession convictions; its ruling did not rest solely on the statutory language. Here, Defendant offers no evidence of congressional intent supporting his position.

The Court finds the circuit authority persuasive and that a plain reading of the statute would create absurd results. For example, a person could faithfully collect or account for the trust fund amounts collected but could then spend that money instead of turning it over to the IRS without penalty. *See Senne v. Village of Palatine, Illinois*, 784 F.3d 444, 447 (7th Cir. 2015) ("But statutes have to be interpreted to avoid absurd results."). Likewise, it would be absurd for a person, who was not in a position to collect the taxes but who later "willfully dissipate[d] the trust funds collected" by his predecessor, to escape liability. *Solodov v. United States*, 436 U.S. 238 (1978). Accordingly, the First Motion to Dismiss is **DENIED**.

6. **Second Motion to Dismiss (Doc. 41):** In light of the Superseding Indictment, the Motion is **DENIED as moot**.

    **IT IS SO ORDERED.**

    **DATED: March 26, 2020**

**STACI M. YANDLE**
**United States District Judge**