IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-CR-30117-SMY |
| | ) |
| GARY HUNSCHE, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court are Defendant Gary Hunsche's Motions in Limine (Docs. 73-75). The Court conducted a Final Pretrial Conference on May 6, 2021 and ruled on the motions as follows:

Defendant's Motion in Limine to prevent the Government and its witnesses from testifying about legal requirements (Doc. 73) is **GRANTED in part and DENIED in part**. The motion is granted only to the extent that a witness may not testify as to the law. The motion is denied in all other respects. In this case, which will involve technical and complex factual information, IRS Revenue Officer Victoria Klaas may provide expert summary testimony of the evidence for purposes of establishing tax consequences. Such testimony would be of assistance to the jury and will not be excluded.

Defendant's Motion in Limine to exclude improper summary testimony (Doc. 74) is **DENIED**. IRS/CI Special Agent Eric Mooshegian, may testify as an expert summary witness as to his analysis of the transactions; that testimony may necessarily stem from the testimony of other witnesses. He may also explain his analysis of the facts based on his expertise and testify as to the steps he took in the investigation leading up to this prosecution. Defendant's reliance on *United States v. Benson*, 941 F.2d 598 (7th Cir. 1991) is misplaced. The court in that case addressed expert witness testimony as to the credibility of other witnesses, which is improper. The

Government acknowledges that it will not be eliciting such testimony.

Defendant's Motion in Limine to exclude evidence and testimony regarding Defendant's compliance or alleged lack of compliance with Illinois state tax obligations (Doc. 75) is **DENIED**. Defendant seeks, *in limine*, to exclude such evidence as irrelevant and/or as more prejudicial than probative under Federal Rule of Evidence 403. A defendant's lack of compliance with state tax obligations is not generally relevant and could be prejudicial. However, as the Government points out, a series of cases, admittedly from other circuits, have held that such evidence is relevant and admissible where the requisite mental state in a federal tax prosecution is willfulness on which the Government has the burden of proof. *See United States v. Scali*, 820 Fed.Appx. 23, 27-8 (2nd Cir. 2020); *United States v. Oliver*, 850 F.2d 693 (6th Cir. 1988). This Court finds those cases well-reasoned and persuasive. That said, the Court acknowledges the risk of confusion for the jury. As such, it needs to be made clear to the jury that evidence of noncompliance with state tax obligations is only relevant for certain purposes. Therefore, before any such evidence is admitted or addressed, the Court will give a limiting instruction advising the jury for what purpose this evidence can be considered. That instruction will be also given with the Court's final instructions.

**IT IS SO ORDERED.**

**DATED: May 7, 2021**

**STACI M. YANDLE**
**United States District Judge**