IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cr-30117-SMY |
| | ) |
| GARY HUNSCHE, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Gary Hunsche pleaded guilty to willful failure to pay over tax in violation of 26 U.S.C. § 7202. He was sentenced to 48 months' imprisonment on August 17, 2021 (Docs. 110, 112). Now pending before the Court is Hunsche's motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 137). The Government does not oppose the motion (Doc. 139).

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). Here, the parties agree that Hunsche is eligible for a reduction under Part B, subpart 1 of Amendment 821 as he has zero criminal history points.

Hunsche's total offense level at sentencing was 22 and his criminal history category was I, which yielded a Guidelines sentencing range of 41-51 months imprisonment. He was sentenced to 48 months. Under Amendment 821, Hunsche's total offense level is reduced from 22 to 20, resulting in a lowered Guidelines range of 33-41 months.

The Court agrees that Hunsche is eligible for a reduction. Having also considered the applicable factors under 18 U.S.C. § 3553(a), the Court **GRANTS** the motion (Doc. 137) and reduces Hunsche's sentence from 48 to 38 months' imprisonment effective on February 1, 2024. The Court attaches its standard order (AO Form 247) reflecting the sentence reduction.

**IT IS SO ORDERED.**

**DATED: January 11, 2024**

**STACI M. YANDLE**
**United States District Judge**